UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES ANDERSON,

    Plaintiff,

vs.

WILLIAM BARR, et al.,

    Defendants.

Case No. 1:19-cv-801

McFarland, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This action is now before the Court on Defendant the United States of America's motion to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Doc. 9) and Plaintiff's memorandum contra. (Doc. 12).

**I. Background and Facts**

On September 20, 2019, Plaintiff, James T. Anderson, filed a pro se complaint in the United States District Court for the Southern District of Ohio. The Complaint named William P. Barr, Christopher A. Wray, Uttam Dhillon, Mark Thomas Esper, Gen. Paul M. Nakasone, and unknown government employees within the DOJ, FBI, DEA, DOD, and the NSA as the Defendants alleging that they committed the following criminal activities; treason, murder, conspiracy to commit murder, home grown/domestic terrorism, collusion, espionage, pedophilia, bestiality, obstruction of justice, vandalism, blew cover of undercover operations, assault and battery, sexual assault and battery, extortion/coercion. Plaintiff seeks relief of $1,000,000 donated to 'Children's Charities.' (Doc. 1).

1

Defendants now seek to dismiss Plaintiff's complaint asserting that he has failed to assert sufficient facts to provide a plausible basis for relief. The undersigned agrees.

**II.    Analysis**

**A.  Standard of Review under Rule 12(b)(6)**

Motions to dismiss under Rule 12(b)(1) can assert either facial attacks or factual attacks on a court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Where a facial attack on the subject matter jurisdiction alleged by the complaint is made, the moving party merely questions the sufficiency of the pleading. *Id*. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true. Id. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. Id. The court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." Id.

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must

2

provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678(citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

### B. Defendant's motion to dismiss is well-taken

Defendants assert that while Plaintiff seeks relief on several different offenses, each lacks any asserted facts sufficient to provide a plausible basis for the claims in the complaint. Notably, Plaintiff has not asserted any facts to support the claims and conclusions he has alleged. Plaintiff has not asserted how each claim was committed, where it was committed, and who was involved, and as such has not asserted any facts to support the claims and conclusions alleged. As such, Defendants argue that the complaint makes it impossible to see any allegations of facts that would support the conclusions asserted and presents no claim upon which relief can be granted. The undersigned agrees. [1]

Here, upon careful review, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. Plaintiff's factual allegations are generally illogical and incomprehensible. The complaint provides no

---

[1] Defendants argue first that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction. In this regard, Defendants contends that it is entitled to sovereign immunity. Notably, "The United States, including its agencies and its employees, can be sued only to the extent that it has expressly waived its sovereign immunity … Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the government." *Kaiser v, Blue Cross of California*, 347 F.3d 1107, 1117 (9th Cir.2003) (citations omitted). The burden is upon Plaintiff to establish that the United States has waived sovereign immunity. *Whittle v. United States*, 7 F.3d 1259. 1261 (6th Cir.1993).

factual content or context from which the Court may reasonably infer that the Defendants violated Plaintiff's rights under federal law.

### III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that Defendant's motion to dismiss (Doc. 9) should be **GRANTED** and matter be **TERMINATED** on the active docket of the Court**.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JAMES ANDERSON,

    Plaintiff,

vs.

WILLIAM BARR, et al.,

    Defendants.

Case No. 1:19-cv-801

McFarland, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).